IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STEPHEN SNIDER, | § § § | |
| *Plaintiffs*, | § § | |
| VS. | § § § | CIVIL ACTION NO. 1:24-CV-00448 |
| ROSE MILLER, *et al.*, | § § | JUDGE MICHAEL J. TRUNCALE |
| *Defendants*. | § § § § | |

# ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE

Before the Court is Plaintiff's Motion for Alternate Service. The Court has reviewed Plaintiff's Motion and for the reasons that follow finds that it should be GRANTED.

## I.   Background

Plaintiff alleges that the Defendants victimized him in what is known as a "pig-butchering scam." This is a kind of scam in which the alleged perpetrators convince their victims to "invest in" or "trade" cryptocurrencies using a fraudulent online platform and ultimately abscond with the victims' assets. In this case, the Court previously authorized Plaintiff to issue expedited discovery, including by issuing subpoenas to various third-party internet service providers. Plaintiff alleged that these third parties had done business with the Defendants and therefore were likely to have information about their real identities and locations.

Plaintiff has now received a document production from Alphabet Inc. for the personal email of Defendant Thomas Vrieze along with his recovery email and telephone number. Defendant Rose Miller communicated with Plaintiff through use of WhatsApp. Defendant Eternity-Contract.io operates and controls a customer service account on WhatsApp. Plaintiff requests that these alternate service methods be used.

## II.     Legal Standard

Federal Rule of Civil Procedure 4(f) authorizes service of an individual in a foreign country via three methods. First, an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1). Absent any international agreement, the individual may also be served "by a method that is reasonably calculated to give notice," including "as prescribed by the foreign country's law for service in that country," "as the foreign authority directs in response to a letter rogatory or letter of request," or through personal delivery or mail sent by the Clerk. FED. R. CIV. P. 4(f)(2). Finally, service may be effectuated "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). "[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables

service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

To effectuate service under Rule 4(f)(3), "trial courts have authorized a wide variety of alternative methods of service including ... email," and it is in the court's "discretion ... to balance the limitations of email service against its benefits in any particular case." *Rio Props.*, 284 F.3d at 1016-18. Email and other electronic service must still "comport with constitutional notions of due process"—that is, "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (concluding that "not only was service of process by email was proper—that is, reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [defendant]."). Courts across the country have found that electronic service to defendants located abroad is proper under Rule 4(f)(3) where it is not prohibited by an international agreement and conforms with due process, particularly in cases involving "international e-business scofflaw[s], playing hide and seek with the federal court[s]," whose activities were "conducted entirely through electronic communications." *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (collecting cases

where courts authorized service of "international e-business scofflaw[s]" by email and approving same).

### III. Analysis

Plaintiff moves to serve the Complaint and summonses on Defendant Rose Miller via her WhatsApp (Tel. No. +14072162416) account, Defendant Thomas Vrieze through his WhatsApp account (Tel. No. +13214610622) and Gmail (vriezethomas@gmail.com, recovery email liujiana1001@gmail.com, recovery Tel. No. +8562055199296) account, and Defendant Eternity-Contract.io through their WhatsApp (Tel. No. +19177408380) account. Having reviewed Plaintiff's Motion, the Court finds that this alternate method of service is proper and reasonably calculated to provide notice to Defendants, thereby satisfying the requirements of Rule 4(f)(3).

These requirements are met here. Plaintiff avers that, based on IP and SMS information, the scammers appear to be operating out of the country of Laos. No international agreement governs service in Laos or prohibits service by email or WhatsApp in that country. Laos is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or any other treaty on service of process to which the United States is a party.[1] Therefore, Rule 4(f)(1) does not apply. Because no international agreement

---

[1] U.S. State Department, *Judicial Assistance Country Information: Laos*, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/LaoPeoplesDemocraticRepublic.html (accessed May 5, 2025).

governs, service may be accomplished by any means that comports with due process.[2] In this case, service by email and WhatsApp comports with due process. The email addresses and accounts through which Dr. Snider seeks to serve Defendants are the same email addresses and accounts they used to perpetuate the alleged scam.

These are the addresses and accounts that the Defendants use to do business. And indeed, tests by Dr. Snider's investigator have confirmed that messages directed to the email addresses do not "bounce back"—meaning that the addresses remain operational and can receive incoming messages. For these reasons, serving Defendants by message to these email addresses and accounts is reasonably calculated to give them actual notice of this suit and the opportunity to appear and be heard.[3]

### IV.   Conclusion

For the foregoing reasons, Plaintiff's motion for leave to serve the Complaint and summons by email and WhatsApp is granted. Plaintiff shall immediately serve a copy of the Complaint, summons, and this Order on Defendants through the above-listed means with "read receipt requested," and file a proof of service.

---

[2] *See Meta Platforms, Inc. v. Arowokoko*, No. 22-CV-00803-DMR, 2022 WL 4099215, at *2 (authorizing service of individuals by email and collecting cases in accord).

[3] *See, e.g., Chanel, Inc.*, 2010 WL 1740695, at *3 (collecting cases).

- 6 -

Dated:  May 12, 2025                    Prepared By:

                                            THE HODA LAW FIRM, PLLC

/s/ M. Hoda
_____
Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
12333 Sowden Road, Suite B
PMB 51811
Houston, TX 77080
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*